NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2097
_____

UNITED STATES OF AMERICA

v.

MARQUESE WHITTED,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cr-00005-001)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2020

Before:   JORDAN, RESTREPO, and GREENBERG, *Circuit Judges.*

(Filed: March 25, 2020)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Marquese Whitted pled guilty in the United States District Court for the Middle District of Pennsylvania to conspiring to distribute methamphetamine and heroin. The District Court subsequently sentenced him to 96 months' imprisonment. That sentence was based on the Court's finding that 448 grams of methamphetamine and 100 grams of heroin were attributable to Whitted. The Court, however, did not conduct the required inquiry into whether and to what extent Whitted's co-conspirator's drugs could be attributed to him for sentencing purposes. We will therefore vacate and remand for resentencing.

I.   **BACKGROUND**

In April of 2016, Whitted was arrested after heroin, marijuana, and drug paraphernalia were found on him during a traffic stop. He was later released on bail, but remained under the watchful eyes of the authorities. Over the next several months, undercover law enforcement officers made a series of methamphetamine and heroin purchases from him. Whitted's source for the drugs was Derek Mountz. Both Whitted and Mountz were eventually arrested and indicted on multiple conspiracy and substantive counts based on methamphetamine and heroin trafficking, in violation of 21 U.S.C. §§ 841 and 846. They both pled guilty, Whitted to only the first count of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine and in excess of 100 grams of heroin in violation of 21 U.S.C. § 846. The government dismissed the remaining counts against him.

2

After Whitted's guilty plea, his case proceeded to sentencing. In preparation for that step, the probation office prepared a Presentence Report. The report attributed 100 grams of heroin and 448 grams of methamphetamine to him, leading to a base offense level of 28. Those figures were founded in part on drugs seized from Mountz but nevertheless attributed to Whitted because of the men's conspiracy. The government endorsed the report's quantity calculation. Whitted argued at sentencing that he should not be held responsible for the portion of the methamphetamine seized from Mountz. [1]

At sentencing, one of the investigating agents testified that Mountz was Whitted's methamphetamine supplier. The agent also testified that eight ounces of methamphetamine were seized from Mountz's residence and that Whitted had purchased two ounces of methamphetamine from Mountz shortly before the seizure.[2] There was also evidence regarding the amount of methamphetamine Whitted personally possessed at other points in time. Besides the purchases the agent actually made while undercover, he testified that on two occasions he saw Whitted with several additional ounces of methamphetamine and that, on two further occasions, Whitted discussed having bought a pound of methamphetamine.[3] Lastly, the agent relayed statements from cooperating

---

[1] Whitted does not appeal the heroin quantity determination. The report also applied a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during Whitted's attempted flight from law enforcement. Whitted does not appeal that enhancement either.

[2] There are approximately 28 grams in one ounce (precisely, 28.35 grams).

[3] There are approximately 454 grams in one pound (precisely, 453.6 grams). There is thus evidence in the record that, if credited, indicates Whitted was personally responsible for possessing at least 448 grams of methamphetamine, regardless of any

witnesses who had seen Whitted purchase 10 to 20 ounces of methamphetamine from Mountz in the past.

After some back and forth about the total amount of drugs in play, the Court found that "the people in the conspiracy are responsible for 448 grams of methamphetamine." (App. at 41.) That finding was premised on the drugs that were seized from Mountz as well as those that Whitted personally distributed. It also appears to have been influenced by the Court's belief that "whatever was distributed by any conspirator is attributable to all[.]" (App. at 17.) The Court proceeded to conclude that the relevant Sentencing Guidelines range was 100 to 125 months' imprisonment, and, after choosing to vary downward from that range, ultimately imposed a sentence of 96 months.

Whitted now appeals.

## II.    DISCUSSION[4]

In attributing to Whitted methamphetamine possessed by his co-conspirator, the District Court erred because it did not first make the necessary individualized inquiry to ensure that such attribution was proper.

In *United States v. Collado*, we observed that, "[i]n most narcotics cases to which the Sentencing Guidelines apply, the defendant's sentence depends to a great extent upon

---

accomplice attribution. The District Court, however, made no findings with respect to that testimony.

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's drug quantity determination for clear error. *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001).

4

the quantity of drugs deemed 'relevant' to the offense." 975 F.2d 985, 990 (3d Cir. 1992). The relevant quantity obviously includes the drugs the defendant himself distributed or possessed. But it can also include "drugs possessed, distributed, manufactured, sold, or otherwise 'handled' by persons other than the defendant[.]" *Id*. at 991. That is sometimes called "accomplice attribution." *Id*. at 990-91.

To justify accomplice attribution, a "stringent" standard must be met. *Id*. at 991. Under the Sentencing Guidelines, for a sentencing court to properly attribute an accomplice's drugs to a defendant, the court must consider whether the accomplice's drug activity was 1) "within the scope of the jointly undertaken activity[;]" 2) "in furtherance of that criminal activity[;]" and 3) "reasonably foreseeable in connection with that criminal activity[.]" U.S.S.G. § 1B1.3(a)(1)(B); *see also Collado*, 975 F.3d at 995. And, in assessing those three factors, "it is not enough to merely determine that the defendant's criminal activity was substantial. Rather, a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy is critical[.]" *Collado,* 975 F.3d at 995.

The District Court here failed to undertake the searching and individualized inquiry required by *Collado*. After hearing testimony on the relevant drug quantity, the Court simply stated that "the people in the conspiracy are responsible for 448 grams of methamphetamine." (App. at 41.) The Court failed to make factual findings regarding the three factors enumerated above. The absence of the *Collado* inquiry is perhaps explained by the District Court's mistaken understanding that "whatever was distributed by any conspirator is attributable to all[.]" (App. at 17.)

5

Whatever the reason for the failure to conduct the inquiry our precedent requires, the result is, at least on the record as it now stands, that the District Court's attribution of Mountz's drugs to Whitted was clearly erroneous. Without further development of the record, it is impossible to know how much, if any, of the methamphetamine possessed by Mountz could properly be attributable to Whitted.

## III.    CONCLUSION

For the foregoing reasons we will vacate and remand for resentencing.